**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 96 CR 553-7** |
| | ) | |
| **NAZARETH WILSON** | ) | **Judge Rebecca R. Pallmeyer** |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Defendant Nazareth Wilson is currently serving a 235-month prison sentence for his role in a gang-related conspiracy to distribute narcotics. Wilson has filed a *pro se* motion seeking a reduction in his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on amendments to the sentencing guidelines that altered the base offense level for certain offenses involving crack cocaine. As the court explains below, the relevant amendments do not apply to Wilson. The motion is denied.

<u>**BACKGROUND**</u>

In July 1998, Wilson pleaded guilty to participating in a drug distribution conspiracy operated by the Gangster Disciples street gang in Chicago. The probation office's presentence report stated that Wilson had distributed 125 grams of crack cocaine, six pounds (2.72 kilograms) of marijuana, and 12 kilograms of cocaine powder. Judge Marovich of this court adopted the report's findings as to those quantities when sentencing Wilson. (Sentencing Tr. 3-4.) Judge Marovich also found that Wilson had distributed between 1.1 and 2.3 kilograms of heroin. (*Id.*) Based on the combined quantity of these controlled substances, Judge Marovich calculated Wilson's base offense level at 34. (*Id.*) The court then decreased the offense level by three points for acceptance of responsibility, but enhanced the offense level by two points because dangerous weapons had been used during the commission of the drug conspiracy. (*Id.* at 6-8.) The adjusted offense level was 33. Noting Wilson's extensive criminal history, Judge Marovich assigned Wilson a criminal history score of more than 13, placing him in Criminal History category VI, the highest category for sentencing purposes. (*Id.* at 8-9.) Judge Marovich then sentenced Wilson to 235 months in

custody, a sentence at the bottom of the 235-to-293 month guideline range. The Seventh Circuit upheld Wilson and his co-defendants' convictions and sentences on direct appeal. *See United States v. Wilson*, 237 F.3d 827 (7th Cir. 2001), *cert. denied*, 534 U.S. 840 (2001).

In November 2007, the United States Sentencing Commission amended Section 2D1.1 of the sentencing guidelines to generally reduce offenses involving crack cocaine by two levels. 18 U.S.C. § 2D1.1. The following year, the Commission amended the provision again to effectuate the two-level reduction and to resolve "a certain sentencing anomaly" in offenses involving crack cocaine and at lease one other controlled substance. U.S.S.G. APPENDIX C, AMDT. 715. The amendment modified the guidelines' Drug Equivalency Table so that the conversion of crack cocaine to its marijuana equivalent became "1 gm of Cocaine Base ('Crack') = 20 kg of [marijuana]." *Id.* The amendment further provided that the two-level reduction for crack cocaine offenses would not apply in three specific situations: (1) the reduction would not apply if the offense involved 4.5 kilograms of crack cocaine or more; (2) the reduction would not apply if the offense involved less than 250 milligrams of crack cocaine; and (3) the reduction would not apply "if it would result in a combined offense level that is less than the combined offense level that would apply if the offense involved only the other controlled substance(s)." *Id.* As the Commission explained, this third exception was intended to ensure that offenses involving controlled substances other than crack cocaine would not be treated more leniently merely because crack cocaine was also involved in the offense.

Wilson contends that he is entitled to a retroactive application of the 2007 and 2008 amendments, resulting in a two-level reduction in his base offense level and a corresponding shortening of his sentence. He also urges the court to reevaluate his sentence in light of his recent efforts at rehabilitation. As the court now explains, the relevant amendments do not act to lower the base offense level in Wilson's case, and the court otherwise has no discretion to revisit Wilson's sentence.

## DISCUSSION

## A.     Retroactive Amendments to the Guidelines

A district court lacks any inherent authority to modify a sentence or a term of imprisonment once it has been imposed.  *See United States v. Cunningham*, 544 F.3d 703, 708 (7th Cir. 2009). Instead, the court is granted statutory authority to alter criminal sentences only in a few limited circumstances.  One such circumstance is described in Section 3582(c)(2):

> [The court may not modify a term of imprisonment once it has been imposed except . . .] in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).[1]  Section 1B1.10 of the guidelines further requires that any reduction under Section 3582(c)(2) "shall be consistent with this policy statement" and specifically lists several amendments that may be applied by courts retroactively.  U.S.S.G. § 1B1.10(c).  Amendments 706 and 715, the two amendments that altered the offense level for crack cocaine offenses, are among those listed in Section 1B1.10.

## B.     The Crack Cocaine Amendments Do Not Apply to Wilson's Sentence

Wilson contends that he is entitled to a reduction in his sentence because the amendment to the formula by which crack cocaine was converted to its marijuana equivalent should result in a two-point reduction in his offense level.  Wilson is incorrect, however, as this case falls squarely into the third exception under the amendment.  Even if the court were to exclude the quantity of crack cocaine that Wilson distributed entirely from its tabulation of his offense level, Wilson would still be at a base offense level of 34 because of the sizeable quantities of other controlled substances that he also distributed.  Under the Drug Equivalency Table, the 1.1 kilograms of heroin

---

[1]     Section 3553(a) sets out the factors that the court considers when imposing an initial sentence.  These include: a societal interest in just punishment based on the seriousness of the offense; the need to deter criminal conduct; the need to protect the public from further crimes by the defendant; and the rehabilitative interest in providing educational, medical, or other corrective treatment to the defendant.

that Wilson distributed converts to 1100 kilograms of marijuana. *See* U.S.S.G., § 2D1.1 (1 gm of Heroin = 1 kg of marijuana). The 12 kilograms of powder cocaine converts to 2,400 kilograms of marijuana. Id. (1 gm of Cocaine = 200 gm of marijuana). Wilson also distributed 2.72 kilograms of marijuana itself. Thus the total amount of drugs, less crack cocaine, that Wilson is responsible for equates to 3502.72 kilograms of marijuana.[2] Under the guidelines, as amended, the distribution of "at least 3,000 KG but less than 10,000 KG of marijuana" is a level 34 offense. U.S.S.G., § 2D1.1(c). In essence, Wilson seeks the very anomalous consequence that the Sentencing Commission sought to avoid: a reduction in his sentence because his offense involved crack cocaine when he would not be entitled to such a reduction in the absence of crack cocaine. By its terms, the amendments effecting a two-level reduction for crack cocaine offenses do not apply in Wilson's case, where the quantities of the other controlled substances involved correlate with a base level offense of 34. Wilson is not entitled to have his sentence modified on this basis.

## C.  *Booker* Does Not Entitle Wilson to a Full Resentencing

Wilson also contends that the court should conduct a full resentencing in his case, consistent with the Supreme Court's decision *United States v. Booker*, 543 U.S. 220 (2005). To that end, Wilson has produced documents demonstrating his substantial efforts at rehabilitation while in prison; he reports he has received educational and vocational training and has transformed himself into an aspiring author and an advocate against gang violence. These efforts are commendable, but the court is not free to revisit his sentence on this basis. Wilson's sentence was

---

[2] Wilson has submitted what he contends is a page from the presentence investigation report in his case. That page accurately reports the amount of each drug that Wilson distributed, as found by the court. It also lists the correct marijuana equivalent for each individual quantity, but appears to contain a mathematic error in the investigator's calculation of the combined marijuana equivalent for all of the drug quantities. The page calculates the total marijuana equivalent figure as 4,002.72 kilograms, but the quantities found by Judge Marovich were actually equivalent to 6,002.72 kilograms of marijuana under the conversion rates in effect at the time of Wilson's sentencing. The court concludes that the page that Wilson has submitted, if it is indeed a faithful reproduction of the investigation report, reflects a scrivener's error. The sentencing transcript and the rest of the record are unambiguous, and they make clear that the 4,002.72 kg figure is not consistent with Judge Marovich's explicit findings.

final when *Booker* was handed down, and this court lacks the authority to apply *Booker* retroactively by resentencing Wilson.

In *Booker*, the Supreme Court held that the mandatory sentencing regime then imposed by the sentencing guidelines violated the jury trial requirements of the Sixth Amendment. *Id.* at 233-35. Since *Booker*, the guidelines have been treated as advisory rather than mandatory. In support of his argument that the court should re-sentence him, Wilson notes a Ninth Circuit decision which held that the reasoning in *Booker* also applies to resentencing proceedings brought under Section 3582(c). *See United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007).

Our own Circuit has roundly rejected the reasoning of *Hicks,* however.[3] In *Cunningham*, the Seventh Circuit explained that *Booker* does not prohibit Congress or the Sentencing Commission from limiting the circumstances and extent to which a court may revisit a final sentence under Section 3582(c). *See Cunningham*, 544 F.3d. at 705-07. "Because '*Booker* does not apply to the scores of defendants whose sentences were final when *Booker* was handed down,' 'it would be unfair to allow a full *Booker* resentencing to only a subset of defendants whose sentences were lowered by a retroactive amendment.' " *United States v. Shelby*, 584 F.3d 743, 746 (7th Cir. 2010) (quoting *Cunningham*, 554 F.3d at 708-09).

No circumstance permits this court to revisit Wilson's final sentence in this case. The guideline amendments that Wilson relies on are not applicable, and the court lacks the authority to modify Wilson's term of imprisonment on any other basis. The court congratulates Mr. Wilson on his efforts at rehabilitation, but they do not entitle him to a shortened sentence.

## CONCLUSION

Defendant's motion [753] is denied.

ENTER:

---

[3] The Seventh Circuit is not alone in rejecting the the Ninth Circuit's reasoning. Several other Circuits have similarly declined to follow *Hicks*. *See, e.g., United States v. Doe,* 564 F.3d 305 (3rd Cir. 2009); *United States v. Rhodes*, 549 F.3d 833 (10th cir. 2008); *United States v. Starks,* 551 F.3d 839 (8th Cir. 2009); *United States v. Dunphy*, 551 F.3d 247 (4th Cir. 2009).

Dated:  April 15, 2010

REBECCA R. PALLMEYER
United States District Judge